## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

JOHN LESLIE DANIELS (#305327)      CIVIL ACTION NO.

VERSUS      20-107-SDD-EWD

JEFF LANDRY, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 26, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN LESLIE DANIELS (#305327)            CIVIL ACTION NO.

VERSUS            20-107-SDD-EWD

JEFF LANDRY, ET AL.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before this Court is a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"), filed by John Leslie Daniels ("Petitioner").[1] The State has filed a Response.[2] It is recommended that Petitioner's application be denied as it is unexhausted and procedurally barred. There is no need for oral argument or for an evidentiary hearing.

**I.    Procedural History**

On December 16, 1989, Petitioner was indicted in the Thirty-Second Judicial District Court for the Parish of Terrebonne, State of Louisiana for first degree murder. On December 3, 1991, the charge was amended to second degree murder.[3] Petitioner entered a guilty plea to the amended charge,[4] and was sentenced to life imprisonment without the benefit of parole, probation, or suspension of sentence.[5] Petitioner did not file a direct appeal.[6] On May 23, 1995, Petitioner filed an application for post-conviction relief, which was denied because he failed to sign the application.[7] According to the trial court, order, Petitioner's right to refile the application was

---

[1] R. Doc. 1.
[2] R. Doc. 10.
[3] R. Doc. 10-1, p. 1.
[4] R. Doc. 10-1, pp. 114-115.
[5] R. Doc. 10-1, p. 129.
[6] R. Doc. 1, p. 2; *see also*, R. Doc. 10-1, p. 206.
[7] R. Doc. 10-1, pp. 205-211.

reserved. The application was refiled in July or August 1995[8] and denied on January 10, 1996.[9] Petitioner did not seek further review. In 1999, Petitioner filed another application for post-conviction relief,[10] which was denied that same year.[11] Again, Petitioner did not seek further review. On May 14, 2019, Petitioner filed a "Motion to Correct Sentencing Commitment Offense and Order for Commitment Record" with the trial court that appears to form the basis of this habeas application.[12] The Motion to Correct was denied on May 15, 2019.[13] Again, there is no record evidence that Petitioner sought review of this decision in the state's higher courts. Petitioner filed his habeas application in this Court on or about February 19, 2020.[14] This Court has limited its review to the denial of the Motion to Correct[15] as review of any other claim is clearly time barred.[16]

## II.    Petitioner's Claims are Unexhausted and Procedurally Barred

Under 28 U.S.C. § 2254(b) and (c), a claimant seeking habeas corpus relief in federal court is generally required to first exhaust his claims by presenting them for review before the courts of the state in which he is confined. The exhaustion requirement is satisfied only when a petitioner's claims have been properly presented to the state's highest court, either on direct review or on post-conviction attack.[17] As a general rule, "[b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner

---

[8] R. Doc. 10-1, pp. 233-240. The application is dated July 7, 1995. The Affidavit is notarized July 11, 1995. The document was file stamped August 16, 1995 by the Terrebonne Parish Clerk of Court. R. Doc. 10-1, pp. 239-240.
[9] R. Doc. 10-1, pp. 286-300.
[10] R. Doc. 10-1, pp. 368-384.
[11] R. Doc. 10-1, pp. 393-406.
[12] *See* R. Doc. 1, p. 3; R. Doc. 10-1, pp. 466-467.
[13] R. Doc. 10-1, pp. 463-465.
[14] The date of Petitioner's habeas application (R. Doc. 1, p. 16) will be used rather than February 24, 2020, the date the application was filed into the Court record.
[15] *See* R. Docs. 1, 10-1, pp. 466-467.
[16] Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. According to the record, the last application for post-conviction relief Petitioner filed before the Motion to Correct was denied on November 10, 1999, over twenty years before he filed this habeas action, and, as noted, no appeals were taken from the 1999 decision denying post-conviction relief. R. Doc. 10-1, pp. 393-406.
[17] *Bufalino v. Reno,* 613 F.2d 568, 570 (5th Cir. 1980).

2

must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."[18]

The Court has liberally construed Petitioner's Motion to Correct as a collateral attack on his conviction or sentence.[19] Petitioner never sought further review of the state trial court's denial of this Motion. Instead, he proceeded directly to this Court. If Petitioner were to now seek review before the state appellate courts, his claims would be rejected as untimely and procedurally barred.[20]

A habeas petitioner who has failed to properly present a federal constitutional claim to the state courts may nonetheless be considered to have "technically exhausted" his state remedies if the state courts are no longer available to review the claims because of a procedural bar.[21] A claim is considered to be "technically exhausted" when state relief is no longer procedurally available in connection with the claim, without regard to whether the claim was actually exhausted by presentation before the state courts.[22] When a petitioner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claim in order to meet the exhaustion requirement would now find the claim procedurally barred, then the claim is technically exhausted and procedurally defaulted in the state court.[23] Federal review of the claim is then prohibited unless the petitioner "can demonstrate cause for the default and actual prejudice as a

---

[18] *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).
[19] *See Anderson v. Middlebrooks*, No. 20-680, 2021 WL 3044440, at *4 (S.D. Miss. June 24, 2021) (liberally construing a suit filed against the state court clerk and the judge who oversaw the petitioner's criminal trial as a PCR motion).
[20] When Petitioner filed in this Court, he could no longer seek review of his claims in either the intermediate state appellate court or the Louisiana Supreme Court as the time period to do so had expired. *See* Uniform Rules, Courts of Appeal, Rule 4–3; Supreme Court Rule X, § 5(a).
[21] *See Busby v. Dretke,* 359 F.3d 708, 724 (5th Cir. 2004).
[22] *See Coleman v. Thompson,* 501 U.S. 722, 732 (1991).
[23] *Nobles v. Johnson,* 127 F.3d 409, 420 (5th Cir. 1997); s*ee also Magouirk v. Phillips,* 144 F.3d 348 (5th Cir. 1998).

3

result of the alleged violation of federal law or demonstrate that failure to consider the claim [] will result in a fundamental miscarriage of justice."[24]

Petitioner has not demonstrated cause for his failure to properly present his claims to the Louisiana Supreme Court. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule."[25] Petitioner has not argued cause for his failure to exhaust, nor is cause demonstrated on the record.[26] To establish a fundamental miscarriage of justice, Petitioner would have to demonstrate that he is actually innocent of the offense.[27] For the same reason he cannot demonstrate prejudice, Petitioner cannot establish actual innocence.[28] He has admitted he participated in the robbery at which an individual was killed but thought "our intentions were strictly to rob the place."

Petitioner has failed to exhaust all available state remedies and his claims are procedurally defaulted because he is barred from bringing them in the Louisiana state appellate courts.[29] Because he has not demonstrated cause and prejudice or that failure to consider his claims would

---

[24] *Jones v. Jones,* 163 F.3d 285, 296 (5th Cir. 1998) (citations omitted).
[25] *Murray v. Carrier*, 477 U.S. 478, 488 (1986).
[26] Additionally, Petitioner cannot demonstrate prejudice. Petitioner stated to the trial court in connection with his guilty plea that "When we went in to rob the place, our intentions were strictly to rob the place, that's all. That's it. If I would have known what Mr. Strange was planning on doing, I wouldn't have agreed to rob the station." R. Doc. 10-1, p. 129. Petitioner was, by his own admission, guilty of second-degree murder under Louisiana law pursuant to the felony-murder rule. *See Victor v. Boutte*, No. 21-484, 2021 WL 6621683, at *14 (E.D. La. Dec. 17, 2021), report and recommendation adopted, No. 21-484, 2022 WL 194487 (E.D. La. Jan. 21, 2022) (citation omitted) (La. R.S. 14:30.1 contains the circumstances under which a defendant can be found guilty under the felony murder rule, which dispenses with the necessity of proving *mens rea* accompanying a homicide; the underlying felony supplies the culpable mental state. Under 14:30(A)(1) an individual may be found guilty of second degree murder "when the offender is engaged in the perpetration or attempted perpetration of … armed robbery, first degree robbery, second degree robbery, simple robbery … even though he has no intent to kill or to inflict great bodily harm.").
[27] *Ortez v. Dretke*, 108 Fed.Appx. 188, 190 (5th Cir. 2004), citing *Murray*, 477 U.S. at 496.
[28] *See*, fn. 26, *supra*.
[29] *See Bledsue v. Johnson,* 188 F.3d 250, 254 (5th Cir. 1999).

result in a fundamental miscarriage of justice, this Court is precluded from undertaking review of the claims raised in Petitioner's federal habeas application.[30]

### III.    A Certificate of Appealability Should Be Denied

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[31] Although Petitioner has not yet filed a Notice of Appeal, the Court may address whether he would be entitled to a certificate of appealability.[32] If Petitioner seeks to appeal, a certificate of appealability should be denied. A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.[33] In cases where the court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional rights *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[34] Reasonable jurists would not debate the correctness of the procedural ruling that Petitioner's claims are unexhausted and procedurally barred, such that a certificate of appealability should be denied.

### RECOMMENDATION

**IT IS RECOMMENDED** that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed by John Leslie Daniels,[35] be **DENIED** as unexhausted and procedurally barred, and that this proceeding be **DISMISSED WITH PREJUDICE.**

---

[30] *Sones v. Hargett,* 61 F.3d 410, 416.  Even if this Court were this Court to reach the merits of Petitioner's claim, the relief sought -- changing the language of his conviction to read "Principal and not second degree murder" -- would have no obvious effect on Petitioner's sentence because of the felony murder rule, as explained above.
[31] 28 U.S.C. § 2253(c)(1)(A).
[32] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).
[33] 28 U.S.C. § 2253(c)(2).
[34] *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006), citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis in original).
[35] R. Doc. 1

5

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **DENIED** if Petitioner seeks to pursue an appeal.

Signed in Baton Rouge, Louisiana, on January 26, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**